# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| BRAD SMITH | CIVIL ACTION NO. 2:10-cv-0104 |
| LA. DOC #407647 | SECTION P |
| | |
| VS. | JUDGE MINALDI |
| | |
| WARDEN, ALLEN CORRECTIONAL CENTER | MAGISTRATE JUDGE KATHLEEN KAY |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Brad Smith filed the instant petition for writ of *habeas corpus* on January 18, 2010. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center, Kinder, Louisiana. Petitioner attacks his 2007 convictions for attempted manslaughter, simple burglary, simple escape, and the hard labor sentences that were imposed by Louisiana's Thirty-Sixth Judicial District Court, Beauregard Parish, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

*Background*

Petitioner pled guilty to charges of attempted manslaughter, simple burglary, and simple escape. On March 16, 2007, he was sentenced to serve concurrent sentences of 20 and 12 years and a consecutive sentence of 2 years for the simple escape. Doc. 1; doc. 1, att. 2. Petitioner did

1

not appeal his conviction and sentence. *Id.*

On July 17, 2008, petitioner filed an application for post-conviction relief in the Thirty-Sixth Judicial District Court raising a single claim for relief – ineffective assistance of trial counsel based on counsel's failure to explore an insanity defense. Doc. 1. Petitioner's application for post-conviction relief was denied on July 24, 2008. Doc. 1, att. 2, p. 8. Petitioner applied for writs on August 26, 2008, but his request was denied by Louisiana's Third Circuit Court of Appeals on November 18, 2008. *State of Louisiana v. Brad Smith*, No. KH 08-1079 (La. App. Ct. 2008). His application for supervisory writs was denied without comment by the Louisiana Supreme Court on October 30, 2009. *State of Louisiana ex rel. Brad Smith v. State of Louisiana*, 21 So.3d 277 (La. 2009).

Petitioner signed the instant petition for *habeas corpus* on January 18, 2010. He argues the same claim raised in his state application for post-conviction relief.

*Law and Analysis*

1. ***Timeliness under § 2244(d)(1)(A)***

This petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of the AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999); *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).[1]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d 467 (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998)). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by . . . the <u>expiration of the time for seeking such review</u>," when the delays for seeking direct review lapsed. 28 U.S.C. § 2244(d)(1)(A) (emphisis added). Petitioner pled guilty and was sentenced on March 16, 2007. Under the provisions of LA. CODE CRIM. PROC. art. 914, petitioner had a period of 30 days within which to file a Motion for Appeal[2] or, until on or about April 16, 2007. Pursuant to the provisions of 28 U.S.C. § 2244(d)(1) he had one year, or until on or about April 16, 2008, to file his federal *habeas* petition.

Petitioner cannot rely upon the tolling provisions of § 2244(d)(2) because he did not file his Application for Post-Conviction Relief until July 17, 2008, and by that time more than one

---

[1] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. § (d)(1)(B)-(D) in that petitioner has not alleged the presence of state created impediments to filing, or a newly recognized Constitutional right, or recent discovery of the factual predicate of his claims.

[2] LA. CODE CRIM. PROC. art. 914(b)(1) provides, "The motion for an appeal must be made <u>no later than [t]hirty days after the rendition of the judgment</u> or ruling from which the

year had elapsed from the date his conviction became final.[3] As noted above, the lapse of time before the proper filing of the application for post-conviction relief must be counted against the one-year limitation period. *Villegas,* 184 F.3d 467 (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998)). Thus, even though petitioner's application for post-conviction relief was timely under Louisiana law, having been filed within the two year period of limitations established by LA. CODE CRIM. PROC. art. 930.8, since it was filed more than one-year after the judgment of conviction became final under the AEDPA, the pleading could not serve to revive or otherwise toll the federal limitations period which had already expired.

Petitioner's *habeas* is clearly time-barred under the provisions of 28 U.S.C. § 2244(d)(1)(A).

## *2. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). To be entitled to equitable tolling, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

---

appeal is taken."(emphasis added).
    [3] Petitioner conceded that the application for post-conviction relief was filed more than one-year after his judgment of conviction became final. *See* doc. 1, att. 1, p. 6 ("Petitioner shows that the District Court alleged a time bar for Petitioner's Application, in spite of the fact that

4

Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply.

This is a recommendation and, as instructed below, petitioner may object to the recommendation. Should he choose to do so, petitioner is encouraged to provide evidence and argument to support any claim that his federal habeas was timely or that he is otherwise entitled to the benefits of statutory or equitable tolling.

*Conclusion and Recommendation*

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R.**

---

Petitioner was only 16 months into the 24-month prescriptive period.").

**CIV. PROC. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 23rd day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE